Eugene P. Ramirez, Esq. (State Bar No. 134865)
Angela M. Powell, Esq. (State Bar No. 191876)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 South Figueroa Street
15th Floor at 801 Tower
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
epr@manningllp.com

Attorneys for Defendants, COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE FARIAS, BERTHA MIRANDA, DANIEL FARIAS, DEICI FARIAS, SALVADOR MIRANDA, and ERIC MIRANDA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, SGT. JEFF CALE (#263478), DEP. GILES (#504672), DEP. ETTER (#463266), DEP. SALDIVAR (#478144), DEP. EPP (#292936), DEP. MCKAY (#525100), DEP. MALONEY (#430738), DEP. ERENA (#459759), DEP. LUNA (#484745), DEP. DANG (#496204), DEP. LLORENS (#471301), DEP. HERNANDEZ (#486612), DEP. LAMB (#487897), and DOES 1 through 10,<br><br>Defendants. | Case No.: 2:14-CV-04667-R(SSx)<br><br>[*Assigned to District Judge Manuel L. Real and Magistrate Judge Suzanne H. Segal*]<br><br>**ORDER RE STIPULATION FOR ENTRY OF PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS**<br><br><br>Complaint Filed: June 18, 2014 |

-1-

PURSUANT TO THE STIPULATION of the parties, and Good Cause appearing therefore, and in furtherance of the interests of justice, the Court hereby GRANTS the Protective Order stipulated to by the parties regarding Confidential Documents.  Accordingly,

IT IS HEREBY ORDERED that the production, disclosure, sharing, publication, reviewing, copying, retention, and/or dissemination of any and all Confidential Documents, as defined under the parties' Stipulation for Entry of a Protective Order re Confidential Documents (hereafter as "Stipulation"), shall be prohibited except as specified under the terms and conditions of the parties' aforementioned Stipulation, including the following terms and provisions:

1.     GOOD CAUSE STATEMENT.

The parties acknowledge that there are certain types of documents that are conceivably discoverable in this action but whose discovery may be complicated or prohibited by issues of confidentiality, intellectual property, work product protections, or various privileges. For purposes of this Order, "Confidential Materials" include, but are not limited to the following:

a.     Any and all police personnel files, including but not limited to, Internal Affairs ("IA") investigation file documents, and comparable official government information;

b.	Third party information in police reports, including but not limited to, incident and supplemental reports; crime analysis reports;

c.	Personal information, including medical and mental health information,

d.	Criminal history information which is not a matter of public record;

f.	Educational and professional information;

g.	Tax and/or financial records; and comparable records that a party typically treats as confidential in the normal course of business or affairs.

2.	In light of the foregoing, the parties further acknowledge that, absent a protective order to limit the use or publication of such documents, in order to preserve the parties' respective interests, the parties might otherwise withhold certain documents from production or disclosure, which can then result in costly discovery disputes potentially requiring Court intervention.

3.	Defendants, COUNTY OF LOS ANGELES, and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("Defendants"), further contends that: (1) absent a Pitchess motion and court order thereon, police personnel records – including Internal Affairs investigation files and related complaints, statements, and records – are deemed confidential and preserved from disclosure under California state law (e.g., California Penal Code §§ 832.7 and 832.8; California Evidence Code §§ 1040, 1043, and 1045); and (2) police personnel records are also deemed

-3-

confidential by federal decisional law (e.g., Sanchez v. Santa Ana Police Department (9th Cir. 1990) 936 F.2d 1027, 1033-1034). Plaintiff does not necessarily agree with these contentions as stated herein and plaintiff reserves all of plaintiff's rights under California and federal law.

4. Therefore, in light of the foregoing, the parties agree that certain types of confidential documents and/or information should be the subject of a protective order. Accordingly, the parties, by and through their attorneys of record in this action, hereby stipulate that good cause exists for a protective order in this matter regarding confidential documents and/or information, and the parties respectfully request the procedural protections listed herein below.

5. By agreeing to designate documents as "confidential " no party is waiving its rights to assert and maintain objections and/or privileges, and by doing so no party is admitting that such materials are subject to discovery or will be produced and/or that such documents are admissible.

6. The parties agree unprotected disclosure of such information may potentially "poison the jury pool", "affect jury service"' and/or cause or contribute to potentially adverse pre-trial publicity. Therefore, a protective order is necessary to prevent any party from disclosing the "confidential" information to the traditional media, internet, or "social media" and to limit the dissemination of the material to

those with a true need to know.

7. Plaintiffs and Defendant have agreed that the above-listed documents shall be designated confidential documents and/or writings because the Parties believe, in good faith, that some or all of these documents and/or writings are privileged, confidential, private and/or are of a sensitive nature.

8. The confidentiality of documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived from those documents (collectively referred as "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" mark or watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

9. Confidential Information may be used by those receiving such information only for the purpose of this above-captioned litigation.

10. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following people:

　　a. Counsel for the parties and to experts, investigators, paralegal assistants,

office clerks, secretaries and other such personnel working under their supervision;

      b.      Such other parties as may be agreed by written stipulation among the parties here, or by Court Order;

    c. Court personnel; and

      d.      The parties themselves as necessary for the defense or prosecution of this action.

      11.      Prior to the disclosure of any Confidential Information to any person described in paragraphs a-d , with the exception of all Court Personnel and employees of counsel for Plaintiffs and Defendant, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/ _____" Once this is completed, counsel will serve a copy of the acknowledgment upon counsel for all other parties.

12. In the event that a recipient party or counsel contends that any Confidential Documents were already in the possession of that party, or that party's counsel, prior to the date of this Stipulation and Protective Order, or prior to such documents' production in this matter by the producing-disclosing party, the recipient party or counsel shall have the burden of proving that any such documents were in fact already in the possession of the recipient party or that party's counsel prior to the date of this Stipulation and Protective Order, or prior to such documents' production in this matter.

13. The parties will attempt to resolve any issue regarding such disputed documents or records pursuant to pursuant to Local Rule 7-3 before submitting any such dispute-issue to the Court.

14. Notwithstanding the foregoing, and despite any dispute as to whether any documents produced should be subject to the terms of the Stipulation and Protective Order as a result of prior possession, the parties will continue to treat the document(s) at issue as confidential and subject to this Stipulation and Protective Order until the Court rules upon the dispute or until the parties reach agreement on the issue, whichever comes first.

15. If, upon review of such a dispute, the Court determines that the disputed Confidential Documents were already in the possession of the recipient party or

-7-


counsel prior to the date of this Stipulation and Protective Order, or prior to such documents' production in this matter, those specific documents shall not be subject to paragraph 21's provisions on destruction of copies, nor shall the recipient party or counsel be prohibited from using those specific documents in other litigation: otherwise, the remaining provisions of this Stipulation and Protective Order shall continue to apply to such documents as Confidential Documents hereunder.

16. The recipient parties to the above entitled action, and/or their counsel, and/or their agents or the agents or employees of their counsel, shall secure and maintain the confidentiality of any and all Confidential Documents in their possession, and shall ensure that such Confidential Documents are used only for the purposes set forth herein below, and for no other purpose, and subject to the terms and provisions of this Stipulation and Protective Order.

17. Nothing in this Stipulation and Protective Order shall be construed as a waiver by any party of any right to object on any ground to the use in any proceeding, or to the admission into evidence, of any Confidential Documents. Nothing in this Stipulation and Protective Order shall be construed so as to prevent the admission of Confidential Documents into evidence at the trial of this matter solely on the basis of the documents' designation as Confidential Documents.

18. Nothing in this Stipulation and Protective Order shall be construed as a

waiver by any party of any right it would otherwise have to object to disclosing or producing any information or documents on any ground not specifically addressed in this Stipulation and Protective Order, including but not limited to objections pursuant to the California Government Code, California Evidence Code, California Penal Code, the Official Records Privilege, the federal Official Information Privilege, the federal Executive Deliberative Process Privilege, the law enforcement-investigative privilege, the attorney-client privilege, the physician-patient privilege, the therapist-patient privilege, the attorney work product protection, the taxpayer privilege, or the right to Privacy under the United States Constitution, the California Constitution or any other applicable state or federal authority, or any other privilege against disclosure or production available under any provision of federal or California law. Nothing in this Stipulation and Protective Order shall be construed as requiring the production or disclosure of documents or information that may be or have been designated as Confidential Documents.

19. This Stipulation and Protective Order shall not be construed as a stipulation by any party that any privilege asserted by any party regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all parties, by and through their undersigned counsel, agree to abide by the terms of this Stipulation and Protective Order and to maintain

such documents' confidentiality pursuant to the terms of this Stipulation and Protective Order.

20. Upon the final termination of this litigation, including any appeal pertaining thereto, all materials that were designated as confidential, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be destroyed and such destruction shall be confirmed by letter to the office of counsel of the party to whom the materials pertain.

21. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for the party to whom the request pertains, identifying the Confidential Information sought and the time in which production or other disclosure is required, and the affected party shall, per their discretion, object to the request or subpoena on the grounds of this stipulation/protective order, OR other grounds and/or obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. No party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the party to whom to the privileges apply. The duty is to notify. However, in no event should production or disclosure be made without written approval by the affected party's counsel unless required by

-10-
_____

Court Order arising from a motion to compel production or disclosure of Confidential Information.

22. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation, except at trial, with which Confidential Information is included shall be subject to a motion or application, at the discretion of any desirous party, to request that the papers, or the confidential portion thereof, be placed under seal by the Court.

23. Counsel for the parties further agree that, during any portion of this action, including the pre-trial (e.g. motions in limine) or trial of this action which could entail the discussion or disclosure of Confidential Information, that any party will have an opportunity to request that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

24. Nothing here shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

25. The fact that the parties have entered into this stipulation does not waive any of parties' rights to challenge the designation of materials as confidential. Nevertheless, the parties understand and acknowledge that non-public materials

contained within personal, financial and/or educational files and records are being provided pursuant to this Protective Order and they are to remain protected by this Order to the extent they were not publicly accessible originally. In the event there is some "good faith" disagreement as to whether certain documents and/or information provided by the parties that were labeled as "confidential" should be treated as confidential, the parties agree to make informal attempts to resolve such issues. However, to be clear, this stipulation and order in no way makes any originally publicly accessible information confidential.

26. The Court shall maintain continuing jurisdiction over this matter to the extent necessary to enforce the terms and /or address alleged breaches of this protective order.

27. The provisions of the Stipulation and/or this Protective Order shall be in effect until further Order of the Court or further written Stipulation by the parties by and through their attorneys of record.

**IT IS SO ORDERED.**

Dated: January 9, 2015  _____
HONORABLE MANUEL L. REAL
United States District Judge

-12-